G. ATILES MORÉU, MANAGER OF THE STATE INSURANCE FUND, Petitioner, v. INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; FRANCISCO GONZÁLEZ, Claimant.

No. 295. Argued March 17, 1944.—Decided May 5, 1944.

M. *Rodríguez Ramos*, Acting Attorney General, *G. Benítez Gautier*, Deputy Attorney General, *Joaquina Pérez Cordero*, *Angel de Jesús Matos*, *Joaquín Correa Suárez*, and *A. Sandín del Manzano*, Legal Advisers of the State Insurance Fund, for petitioner. *Carlos D. Vázquez* for claimant.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

In June 1938, Francisco González was engaged on Saturdays and Sundays in making charcoal on a farm belonging to Luis Antonio, Juan Manuel, and Isabel Becerra Pastor. The workman devoted the other days to work on a small farm belonging to him. The agreement which González had with the agent of the owners of the farm was the following: The owners of the farm contributed the wood and González made the charcoal which, once manufactured, was distributed at the ratio of two-thirds for González and one-third for the owners of the property. While González was thus working, about the third week of June, 1938, a splinter got in his eye, causing him a wound which resulted in the total loss of the sight of that eye and as a consequence of this wound sometime later, just as the specialist had told him, he also lost the sight of the other eye.

The owners of the farm were insured with the State Insurance Fund at the time of the accident. The Manager of the Fund refused to grant compensation, alleging that González was not a workman within the meaning of Act No. 45 of 1935. The Industrial Commission held that he was and was thus entitled to all the benefits of said Act. The man-

ager moved for reconsideration and, as the same was denied, he filed the present petition for review.

The question to be decided is whether, according to the facts of this case, the Industrial Commission erred in awarding compensation to the injured man.

■■ The decision appealed from was not unanimous. Commissioner Herrero dissented and held that the relationship between González and the alleged employers was that of partners, and that in his opinion Mr. González was a working partner (*socio industrial*). We can not agree with Commissioner Herrero that there existed between González and the alleged employers a partnership contract, for in accordance with §1556 of the Civil Code, 1930 ed., "Partnership is a contract by which two or more persons bind themselves to contribute money, property or industry to a common fund, *with the intention of dividing the profits among themselves.*" (Italics ours.) But in the instant case González had to char wood for making charcoal, and since at the time of the liquidation the value of the wood was not deducted in order to credit it to the owners of the farm, what was distributed between González and them was not the profits thereof.

The evidence which was introduced before the commission showed that since at the time of the accident there was no sugar cane, the employers through their agent were operating the industry of the manufacture of charcoal in connection with that of saving timber, employing several workmen in the industry of manufacturing charcoal. Considering that the manufacture of charcoal at that time was not casual work but on the contrary was included in the employer's business, the Industrial Commission, relying on the provisions of §2 of the Workmen's Compensation Act, held that González was a workman included within the provisions of that Act. Accordingly, §§2, 19, and 38 of said Act provide:

"Section 2.—The provisions of this Act shall be applicable to all such workmen and employees working for the employers to whom

the following paragraph refers, . . . Workmen and employees engaged in domestic service and *those whose work is casual and is not included in the business, industry, profession, or occupation of such employer,* and also such persons as work in their homes, are expressly excepted.

"This Act shall be applicable to all employers who employ four (4) or more workmen or employees covered by this Act, whatever their wages may be; . . . " (Italics ours.)

"Section 19.—Every insured employer shall, on reporting his annual payrolls, include in said payrolls the wages paid to all the workmen and employees working for or employed by him, whether by the job or under some person with whom the employer contracted for the job, or under a contractor or independent subcontractor employed or contracted by said employer; and all accounts or taxes collected by the State shall be based on the employer's current payroll in which shall be included the above-mentioned laborers; *Provided, That this provision shall not be applicable to employers for whom work is done by an independent contractor who is insured as an employer under the provisions of this Act.*" (Italics ours.)

"Section 38.—*Workman* or *employee* shall be understood to mean any person in the services of any individual, partnership, or corporation regularly employing workmen included under the provisions of this Act; *Provided,* That workmen and employees engaged in domestic service, *those whose work is of a temporary nature* and is not included under the business, industry, profession, or occupation, those who work in their homes, and those whose employers are exempt from the obligations imposed by this Act are expressly excluded.

"*       *       *       *       *       *       *

"*Temporary Character.*—What constitutes temporary work shall be determined by the Industrial Commission by regulations approved by the Governor of Puerto Rico, consideration being given to the kind of work done, the cost which the same represents to the employer, the duration of such work, and, chiefly, its relation to the business or industry of the employer of the workman or employee who suffers the accident." (Italics ours.)[1]

---

[1] "Up to the present time the Industrial Commission has not determined by regulation, as prescribed by section 38 of the act, what is to be understood by 'incidental or casual character'; hence we must resort to the adjudicated cases in order to determine in each instance whether an incidental or casual employment to which the law refers is involved.

'The work performed in this case was merely incidental. It was not of the kind regularly performed in the ordinary course of business of the com-

As we have seen, every workman working for employers who employ four or more workman and whose work is not casual, and if said workman is not expressly excepted by §§2 and 38 copied above, is a workman covered by the provisions of this Act.

This Act, when referring to the independent contractor, always means the one who contracts for a job and employs workmen to accomplish it. The workman in this case is not such an independent contractor, but a mere workman who works by contract and whose compensation is paid in specie. Cf. *Tomás* v. *Industrial Commission*, 59 P.R.R. 852. The fact that the workman's wages are paid in specie can not prejudice him, since Act No. 91 relating to labor contracts, passed in 1919 because of a judgment of this court, even though it provides in §3 that all wages shall be paid in legal currency of the United States and in no other way, does not declare void the contract executed, but only limits itself to annul the payments thus made.

The circumstance that the compensation is made in specie does not contravene the spirit of the law. That this is so clearly appears from the fact that the cropper who receives the compensation for his work in the participation which corresponds to him from the crop made, that is, in specie, is now considered, similarly to his workmen, as a workman of the land-holder, unless the share-cropping contract has been embodied in a public deed. Act No. 162 of May 14, 1943 (Laws of 1943), p. 525).

For the reasons stated the decision appealed from must be affirmed.

---

pany. Therefore, there is no doubt that it was an incidental or casual work. See on this point the definition of the words 'casual employment' in '6 W. & P., 289 *et seq.*'' *Montaner, Manager* v. *Industrial Commission*, 57 P.R.R. 263, 278.